NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1075
_____

DENNIS JOHN CAMPBELL;
MINDY JAYE ZIED-CAMPBELL;
DAVEDA RACHEL CAMPBELL

v.

THE UNITED STATES OF AMERICA;
WILLIAM J. HENDERSON, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, POSTMASTER GENERAL;
JOHN POTTER (SUBSTITUTING WILLIAM J. HENDERSON
POSTMASTER GENERAL); UNITED STATES POSTAL SERVICE;
UNITED STATES POSTAL SERVICE, AGENCY
(E.D.P.A. 01-cv-04517)

MINDY JAYE ZIED-CAMPBELL, AN INDIVIDUAL PRO PER;
DAVEDA RACHEL CAMPBELL, AN INDIVIDUAL;
MINDY JAYE ZIED-CAMPBELL,
GUARDIAN TO HER MINOR CHILD REBECCA ASHLEY CAMPBELL;
MINDY JAYE ZIED-CAMPBELL,
AS GUARDIAN FOR HER MINOR CHILD - SHAYNA NICOLE CAMPBELL

v.

THE UNITED STATES OF AMERICA
(E.D.P.A. 01-cv-04626)

DENNIS J. CAMPBELL

v.

WILLIAM J. HENDERSON, POSTMASTER GENERAL,

UNITED STATES POSTAL SERVICE, POSTMASTER GENERAL;
POSTMASTER JOHN E. POTTER, POSTMASTER GENERAL
(SUBSTITUTING WILLIAM J. HENDERSON POSTMASTER GENERAL);
UNITED STATE POSTAL SERVICE
(E.D.P.A. 03-cv-04839)


Dennis John Campbell;
Mindy Jaye Zied-Campbell, pro se and on
behalf of D. Campbell, R. Campbell, S. Campbell,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action Nos. 01-cv-04517,
01-cv-04626, 03-cv-04839 (consolidated)
(Honorable Bruce W. Kauffman)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2010
Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges

(Filed   April 2, 2010  )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Appellants Dennis John Campbell ("Campbell") and Mindy Jaye Zied-Campbell

("Zied-Campbell")[1] seek review of a final order by the United States District Court for

_____

[1] Mindy Jaye Zied-Campbell filed a notice of appeal on behalf of herself and her minor
children.  The Clerk informed Zied-Campbell that a non-attorney parent must be

2

the Eastern District of Pennsylvania entered on December 1, 2008.  We will affirm the District Court's judgment.

## I.  Background

Appellants filed three related employment discrimination complaints against Campbell's former employer, the United States Postal Service (the "Postal Service"), as well as the Postmaster General and the United States.  In October 2003, pursuant to a voluntary stipulation, the District Court ordered the claims of all plaintiffs except Campbell to be withdrawn with prejudice.  Zied-Campbell subsequently moved to reinstate her claims and, by order entered on August 18, 2004, the District Court denied the motion.  Proceeding as to Campbell alone, the District Court consolidated the three actions.  In February 2005, Campbell filed pro se a sixteen-count second amended complaint raising claims pursuant to, inter alia, § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., provisions of the California Labor Code, the United States Constitution, and common law.[2]

In the second amended complaint, Campbell alleges that the Postal Service employed him in Lansdale, Pennsylvania, from March until May of 1986, when he was

_____

represented by counsel in order to pursue claims on behalf of her children.  Because no attorney entered an appearance within the time specified by the Clerk, this appeal has proceeded only as to the parents.

[2] Despite the District Court's order denying Zied-Campbell's motion to reinstate her claims, the second amended complaint purports to raise claims on behalf of both Campbell and Zied-Campbell.

falsely accused of theft and wrongfully terminated.  As a result, Campbell alleges he was diagnosed with post-traumatic stress disorder and acute paranoid disorder.  The Postal Service reinstated Campbell in October 1987 and, two years later, he transferred to a new position in Hatfield, Pennsylvania.  Campbell alleges that, while at both locations, fellow employees harassed him and the Postal Service failed to accommodate his disabilities.  After he left the Postal Service in 1989, Campbell alleges that former coworkers made derogatory comments about him to prospective employers.

By order entered on October 18, 2005, upon Defendants' motion, the District Court dismissed eight counts of the second amended complaint without prejudice (counts one, four, five, eight, nine, fourteen, fifteen, and sixteen), on the ground that they raised new claims, which exceeded the scope of the District Court's prior grant of leave to amend.  The District Court converted the remainder of the motion into a motion for summary judgment and granted summary judgment to Defendants as to seven counts (counts two, six, seven, ten, eleven, twelve, and thirteen), concluding that Appellants attempted to assert claims under the Rehabilitation Act but failed to allege that they timely exhausted available administrative remedies.

Appellants moved for reconsideration, arguing that the District Court should have afforded them notice and an opportunity to respond before entering summary judgment. The District Court granted reconsideration and vacated the summary judgment portion of its order, permitting Appellants to file an opposition to summary judgment.  Appellants

did not do so, but instead filed a series of miscellaneous motions.

On November 5, 2008, the District Court considered the arguments in Appellants' motions to the extent they pertained to the issues on summary judgment. Concluding that Appellants failed to present new evidence or arguments demonstrating that summary judgment was not warranted, the District Court reinstated its grant of summary judgment in favor of Defendants as to seven counts of the second amended complaint. The District Court denied Appellants' remaining motions.

The District Court's orders left Appellants with one remaining claim under the Rehabilitation Act, based upon the Postal Service's alleged derogatory employment references. Appellants moved to dismiss that claim with prejudice so they could pursue an immediate appeal. The District Court granted the motion.

Proceeding pro se, Appellants timely filed a notice of appeal.

## II. Analysis

### A.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Stratton v. E.I. du Pont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004). We review the facts in the light most favorable to Appellants and will affirm if there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A federal employee seeking relief under the Rehabilitation Act must exhaust administrative remedies prior to filing suit.  See Freed v. Consol. Rail Corp., 201 F.3d 188, 192 (3d Cir. 2000); Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995).  In pertinent part, applicable regulations require the aggrieved person to initiate contact with a counselor for the Equal Employment Opportunity Commission ("E.E.O.C.") within 45 days of the alleged discriminatory conduct.  29 C.F.R. § 1614.105.

In this case, there is no dispute that Campbell initiated contact with an E.E.O.C. counselor one time, in May 1996.  Based upon that E.E.O.C. contact, the District Court determined that summary judgment was appropriate for all of the Rehabilitation Act claims concerning events in 1992 or earlier, because Campbell failed to timely initiate contact with an E.E.O.C. counselor for those events.  See 29 C.F.R. § 1614.105.  We will affirm the District Court's decision.

i.

Appellants first argue that they are entitled to an equitable exception to the timely administrative filing requirement for the 1992 and earlier claims, based upon the "continuing violation theory."  See, e.g., West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995).  "Under this theory, the plaintiff may pursue a . . . claim for discriminatory conduct that began prior to the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant."  Id. (citations omitted).  Appellants contend they established an ongoing pattern that qualifies as a single unlawful

6

practice, so the Rehabilitation Act's 45-day limitations period for initiating E.E.O.C. contact did not begin to run until the last instance of discrimination.  See id.

The District Court concluded that Appellants "failed to point to any facts in the record showing that the conduct giving rise to this action, which spans fourteen years and three post offices, is 'more than the occurrence of isolated or sporadic acts of intentional discrimination.'" (Memorandum and Order, Oct. 18, 2005, at 5 n.5 (citing West, 45 F.3d at 754)).  After closely reviewing the record, we agree.  We are not persuaded that the allegations in the second amended complaint establish a persistent, on-going pattern of discrimination that warrants application of the "continuing violation" doctrine.

ii.

Appellants next argue in favor of equitable tolling of the 45-day period for initiating E.E.O.C. contact for events that took place in 1992 and earlier.  See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (timely filing with the E.E.O.C. is a "requirement that, like a statute of limitations, is subject to . . . equitable tolling.").  We have held that equitable tolling of the limitations period for pursuing discrimination claims is appropriate in three principal situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Appellants

bear the burden of establishing that equitable tolling applies. See Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997) (citing Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993)).

Appellants primarily contend that their psychological disabilities created an extraordinary circumstance that prevented them from identifying discrimination when it took place. The District Court found that the record does not support this claim, and we see no error in this finding. Appellants made numerous pre-1996 efforts to protest the Postal Service's alleged discriminatory conduct, by lodging complaints with the Merit Systems Protections Board, Campbell's collective bargaining unit, the National Labor Relations Board, the Office of Personnel Management, Congressmen, the President of the United States, and several Postmasters General. (See Memorandum and Order, Oct. 18, 2005 at 8). Moreover, as the District Court correctly noted, mental incompetence alone does not toll a federal statute of limitations for claims against the Government. See Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005).

Additionally, Appellants contend they were "unaware that the ongoing incidents were issues which belonged in the EEO forum." (See Appellants' Br. at 68). The District Court concluded that Appellants did not establish that due diligence would not have revealed the appropriate administrative procedures. We agree. Equitable tolling requires the exercise of reasonable diligence. See, e.g., Podobnik v. U.S. Postal Serv., 409 F.3d 584, 592 (3d Cir. 2005). Appellants pursued a wide variety of diverse remedies over the

8

course of many years. We see no basis for concluding that, had they acted with reasonable diligence, they could not have determined years earlier that the E.E.O.C. was a proper forum for their claims.

iii.

Finally, Appellants argue that the E.E.O.C. conclusively determined that their administrative claims were timely filed and we are bound by that determination. We need not address the legal merits of this claim because it lacks record support.

On March 23, 1998, the Postal Service issued an administrative decision dismissing the majority of Campbell's claims for "untimely E.E.O. Counselor contact." See Campbell v. Henderson, E.E.O.C Dec. 01983550, 1998 WL 821077 at *2 (E.E.O.C. Nov. 10, 1998) (discussing Postal Service decision). On appeal, the E.E.O.C. vacated that portion of the decision and ordered the Postal Service to "conduct an inquiry sufficient to enable it to make a reasoned decision as to whether to accept any or all of [the] allegations . . . pursuant to a continuing violation theory." See id. at *4.

Upon the Postal Service's motion, the E.E.O.C. granted reconsideration and the parties agreed the record was sufficient to permit a decision on the continuing violation issue. Accordingly, the E.E.O.C. determined that "all the above allegations are not sufficiently related to the one timely incident to be part of a continuing violation." Campbell v. Henderson, E.E.O.C. Dec. 05990190, 1999 WL 334610 at *4 (E.E.O.C. May 13, 1999). Thus, as a factual matter, the E.E.O.C. concluded that Appellants did not

9

timely initiate administrative proceedings for events that took place in 1992 and earlier.[3]

B.

Appellants next seek review of the District Court's decision to dismiss without prejudice eight counts of the second amended complaint (counts one, four, five, eight, nine, fourteen, fifteen, and sixteen). Because the District Court concluded that these counts raised claims beyond the scope of the grant of leave to amend, the District Court directed that, "[i]n fairness, Plaintiffs must file a motion to amend pursuant to Fed. R. Civ. P. 15(a), seeking leave to add these new claims." (See Memorandum and Order, Oct. 18, 2005, at 3).

We find no abuse of discretion in the District Court's disposition. See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 524 (3d Cir. 2007) ("The rejection of an unapproved amended complaint is not an abuse of discretion."). Appellants filed nothing that reasonably may be construed as a motion seeking leave to amend pursuant to Fed. R. Civ. P. 15. Appellants argue that, due to their pro se status, the District Court should not

---

[3] Appellants argue that the E.E.O.C.'s decision on reconsideration has no effect because the Postal Service did not timely file its motion for reconsideration. (See, e.g., Appellants' Brief at 42). Specifically, Appellants contend that the motion was late because it was postmarked after the close of business on the day it was due. However, the E.E.O.C. found that the motion was timely. See Campbell v. Henderson, E.E.O.C. Dec. 05990190, 1999 WL 334610 at *1 (E.E.O.C. May 13, 1999). We see no basis for disturbing the E.E.O.C.'s finding, which is consistent with applicable regulations. See 29 C.F.R. § 1614.604. Moreover, even without regard to the E.E.O.C.'s decision on reconsideration, this argument is unpersuasive because the E.E.O.C.'s initial decision did not reach any conclusive determination on the timeliness of Appellants' claims.

10

have required a Rule 15 motion, but instead should have directed them to file a third amended complaint. We disagree. Appellants filed numerous other submissions in the District Court and consistently demonstrated an ability to understand and apply court rules and procedures. Their pro se status does not excuse their decision not to comply with the District Court's clear and reasonable instruction in this instance.

C.

Next, Appellants contend that the District Court erred by denying Zied-Campbell's motion for leave to reinstate her claims. The District Court appropriately treated the motion as a request to vacate the prior voluntary dismissal based upon newly discovered evidence. See Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" may give rise to relief from a judgment or order). We review the decision for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

In her motion, Zied-Campbell claimed "that she recently discovered that one of her uncles was executed in 1936 for the murder of a postal truck driver. . . . [and] this fact is behind the Post Office's allegedly illegal actions against her more than a half-century later." (See Order, Aug. 18, 2004, at 1 n.1). The District Court concluded that the motion did not present newly discovered evidence likely to affect the outcome of Zied-Campbell's case. See Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d

11

Cir. 1995) (Rule 60(b)(2) requires, inter alia, new and material evidence that would probably have changed the outcome of the trial).

On appeal, Appellants argue only that Zied-Campbell was a proper plaintiff for the claims she wished to raise; they offer no basis for concluding that the District Court abused its discretion in denying the motion. We conclude that no "extraordinary justifying circumstances" that warrant Rule 60(b) relief are apparent in the record. See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). In particular, we see no basis for concluding that evidence concerning events in 1936 would not have been discoverable sooner through the exercise of reasonable diligence or that Zied-Campbell established that such evidence is material to the claims she wished to pursue. See id. Moreover, Zied-Campbell's decision to voluntarily dismiss her claims weighs against Rule 60(b) relief. See Coltec, 280 F.3d at 273.

D.

Finally, Appellants contend that Defendants' answer to the second amended complaint was filed one day after it was due. Based upon the late filing, Appellants argue that the District Court erred by declining to enter a default judgment in their favor.

Among other things, to be entitled to a default judgment against the Government, Appellants bore the "heavy burden" of establishing "a claim or right to relief by evidence satisfactory to the court." Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 251 n.23 (3d Cir. 1989); see also Fed. R. Civ. P. 55(d). Appellants also were required to show prejudice

12

resulting from the delay and bad faith on the part of the Defendants.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Because Appellants made none of the required showings, the District Court did not abuse its discretion by declining to enter a default judgment in their favor.  See id. (denial of motion for default judgment is subject to review for abuse of discretion).

### III.  Conclusion

We have closely reviewed the record and conclude that none of Appellants' remaining claims has merit.  For the foregoing reasons, we will affirm the judgment of the District Court.